UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARK E. HOWARD,             :
                            :   NO. 1:05-CV-00108
      Plaintiff,     :
                            :   **OPINION & ORDER**
                            :
   v.                     :
                            :
                            :
SCHWARZ PHARMA MANUFACTURING,  :
INC.,                   :
                            :
      Defendant.

This matter is before the Court on the Defendant Schwarz Pharma Manufacturing, Inc.'s (hereinafter "Schwarz Pharma") Motion for Change of Venue (doc. 7), the Plaintiff Mark E. Howard's (hereinafter "Howard") Memorandum in Opposition to Schwarz Pharma's Motion for Change of Venue (doc. 8), and Schwarz Pharma's Reply to Howard's Opposition to Its Motion for Change of Venue (doc. 10).

**RELEVANT FACTS & PROCEDURAL BACKGROUND**

On February 18, 2005, Howard filed his Complaint (doc. 1). Schwarz Pharma answered Howard's Complaint on April 19, 2005 denying all claims contained therein (doc. 5). Schwarz Pharma then filed the current Motion before the Court (doc. 7).

Howard was employed by Schwarz Pharma from March 5, 1997 until February 19, 2003 (doc. 1). The facts as alleged in Howard's Complaint are as follows. Howard avers that he suffers from several physical impairments which substantially limit his ability to perform a number of major life activities (Id.). Due to

these disabilities, Howard worked primarily for Schwarz Pharma from his home in Sardinia, Ohio, spending on average about one day a week at Schwarz Pharma's facility in Seymour, Indiana (Id.). At the time Howard ceased working for Schwarz Pharma he was the Senior Manager of Quality Assurance (Id.). Howard maintains that throughout his employment with Schwarz Pharma he rendered good and faithful service (Id.). In December 2002 and January 2003, Plaintiff suffered two separate periods of illness which required him to miss time from work (Id.).

On January 13, 2003 while Howard was off work as a result of a serious health condition, he was required to participate by telephone in a meeting between representatives of Schwarz Pharma and the Sanofi Pharmaceutical Company (Id.). During the course of this meeting, which involved Schwarz Pharma's manufacture of a product called Succimer Beads, a suggestion was made that it be produced in a manner which Howard reasonably believed would violate health and safety regulations of the Food and Drug Administration ("FDA") (Id.). Howard voiced his opposition to the suggested process, pointing out that it would violate FDA regulations (Id.). On February 19, 2003, Schwarz Pharma terminated Howard (Id.).

Schwarz Pharma is an employer subject to the requirements of the FMLA (Id.). Howard avers that he is an employee covered by and entitled to the protections of the FMLA

-2-

(Id.). Howard's illnesses, suffered during the December 2002 through January 2003 time frame, were considered serious health conditions pursuant to the FMLA (Id.).

Howard maintains that Schwarz Pharma terminated him in retaliation for exercising his rights guaranteed by the FMLA (Id.). As a result of this termination, Howard alleges, that he suffered and continues to suffer lost wages and benefits (Id.). Additionally, Howard alleges that Schwarz Pharma terminated him in violation of public policy through its retaliatory acts as a result of Howard's opposition to the Succimer Beads manufacturing process (Id.). Lastly, Howard claims that Schwarz Pharma discharged him because of his disabilities, in violation of Ohio Revised Code §§ 4112.02 and 4112.99 (Id.).

**APPLICABLE LAW**

Title 28 U.S.C. § 1404 states, in relevant part:

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

(Id.). Courts have broad discretion to transfer an action pursuant to 28 U.S.C. § 104(a) "to avoid unnecessary delay and to protect parties, witnesses, and the public from undue expenses and inconvenience." Audi AG at 1023 citing Van Dusen v. Barrack, 376 U.S. 612 (1964). Pursuant to 1404(a), this action may be transferred to the Southern District of Indiana if "(1) th[at]

-3-

court has jurisdiction over the subject matter of the action, (2) venue is proper there, and (3) the defendant is amenable to process issuing out of the transferee court." Neff Athletic Lettering Co. v. Walters, 524 F.Supp. 268, 271 (S.D. Ohio 1981).

In determining whether venue is proper, the Court must determine whether a transfer would serve the "convenience of parties and witnesses" and the "interest of justice." 28 U.S.C. § 1404(a). The analysis is similar to the factors weighed by the courts in determining forum non conveniens motions, although § 1404(a) transfers may be granted "upon a lesser showing of inconvenience." Norwood v. Kirkpatrick, 349 U.S. 29, 32 (1955). Further, the plaintiff's choice of forum is to be given considerable weight and the balance of convenience, considering all of the relevant factors, should be strongly in favor of a transfer before a transfer will be granted. Nichol v. Koscinski, 188 F.2d 537, 537 (6th Cir. 1951).

To determine whether the 1404(a) transfer will serve the convenience of the parties and witnesses, as well as the interest of justice, courts consider the private interests of the parties and the public's interest in the administration of justice. Hanning v. New England Mutual Life Insurance Comp., 710 F.Supp. 213, 214 (S.D. Ohio 1989). The parties' interests include:

> the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses;

-4-

>possibility of view of premises, if view would
>be appropriate to the action; and all other
>practical problems that make trial of a case
>easy, expeditious and inexpensive.

Id. quoting Gulf Oil Corp. V. Gilbert, 330 U.S. 501, 508-09 (1947).
Public interests include docket congestion, the burden of trial in
a community where the public affected live, and familiarity of the
court with controlling law. Id.

The party moving for a transfer of venue bears the
burden to establish the need for the transfer. Mead Data Cent.,
Inc. v. West Publ'g. Co., 679 F.Supp. 1455, 1457 (S.D.Ohio 1987).
Furthermore, the "Plaintiff's choice of forum should not be changed
lightly and should be accorded substantial weight . . . [t]his is
particularly so when the plaintiff resides in the judicial district
where the suit was filed." Air-Flo M.G. Co., Inc. v. The Louis
Berkman Co., 933 F.Supp. 229, 233 (W.D.N.Y. 1996). The decision
whether to grant a change of venue ultimately lies within the sound
discretion of the district court. Hanning v. New England Mut. Life
Ins. Co., 710 F.Supp. 213, 215 (S.D.Ohio 1989).

**ANALYSIS**

Schwarz Pharma has moved this Court for a change of
venue, pursuant to 28 U.S.C. § 1404 (doc. 7). Schwarz Pharma
requests venue in the Southern District of Indiana as opposed to
the Southern District of Ohio (Id.). Venue is appropriate in the
Southern District of Indiana, maintains Schwarz Pharma, because a
substantial part of the events giving rise to Howard's claims

-5-

occurred in that district (Id.). Schwarz Pharma provides the following reasons for its assertion that venue is appropriate in the Southern District of Indiana.

First, Schwarz Pharma notes that it resides in the Southern District of Indiana, its principal place of business being located in Seymour, Indiana (Id.). Seymour, Indiana is in Jackson County, Indiana which is located in the Southern District of Indiana (Id.). As such, argues Schwarz Pharma, venue is appropriate in the Southern District of Indiana (Id.).

Second, the events giving rise to the claim, according to Schwarz Pharma, occurred in the Southern District of Indiana (Id.). Howard was employed by a corporation whose principal place of business was in the Southern District of Indiana (Id.). Schwarz Pharma maintains that Howard started his employment with them by commuting to Seymour but then later, as noted by Howard, began to work out of his home with occasional commutes to Seymour (Id.). Any periods of illness or leaves of absence taken by Howard, avers Schwarz Pharma, would have been coordinated with staff in Seymour (Id.). Schwarz Pharma also notes that the manufacture of Succimer Beads occurred in Seymour at Schwarz Pharma's facility (Id.). Howard was informed at the Seymour facility that his employment was terminated (Id.). Thus, Schwarz Pharma concludes that all of the events relevant to Howard's causes of action occurred in Seymour, Indiana (Id.).

-6-

Third, Schwarz Pharma maintains that the Southern District of Indiana is the most convenient venue for the parties and witnesses (Id.). In determining whether a change of venue is appropriate, Schwarz Pharma insists the Court must consider the following factors: (1) the private interests of the litigants; (2) the location of the parties' residences; (3) the plaintiff's choice of forum; (4) the convenience to the witnesses, including the nature and materiality of testimony to be elicited from witnesses who must be transported and the availability of compulsory process; (5) the location of the operative facts; (6) the location of documentary evidence and the relative ease of access to sources of proof; (7) the possibility of prejudice in either the forum or transfer state; (8) the public's interest; (9) the respective court's familiarity with the applicable law; and (10) the conditions of the court's dockets (Id. citing United States v. Northrop, 811 F.Supp. 330, 332 (S.D. Ohio 1992); Centerville ALF, Inc. v. Balanced Care Corp., 197 F.Supp.2d 1039, 1049 (S.D. Ohio 2002)). The balance of these factors, avers Schwarz Pharma, weighs strongly in favor of the Southern District of Indiana as the most convenient forum (Id.).

Schwarz Pharma, in addressing the private interests of the litigants, notes that the Southern District of Indiana is where its business is located (Id.). As such, all of its employees, equipment, production, and facilities are located within

-7-

the district (Id.). Schwarz Pharma acknowledges that Howard now lives in Ohio, but highlights that Howard did have contacts with Indiana in that he was employed by Schwarz Pharma and traveled to Seymour regularly to conduct business and this regular travel indicates that it is not inconvenient for Howard to travel to the Southern District of Indiana to litigate this matter (Id.).

Schwarz Pharma also argues that Howard's choice of forum is not entitled to significant weight because Howard's only connection with his choice of forum is that he lives in the Southern District of Ohio (Id.). Even when Howard worked from home, his work was performed for Schwarz Pharma an Indiana company (Id.). Schwarz Pharma concludes that given the lack of nexus to Ohio, Howard cannot claim that Ohio is a more convenient forum (Id. citing Trout Unlimited v. United States Dept. Of Agriculture, 944 F.Supp. 13 (D. D.C. 1996) (holding that the showing a defendant must make to transfer a case is lessened when plaintiff's choice of forum has no factual nexus to case, and where transfer is sought to forum where subject matter of lawsuit is connected to that state); Lynch v. Vanderhoef Builders, 237 F.Supp.2d 615 (D. Md. 2002) (finding weight given to plaintiff's choice of forum is lessened when none of conduct complained of occurred in forum selected by plaintiff and said forum has no connection with matter in controversy)).

Schwarz Pharma avers that the Southern District of

-8-

Indiana is the most convenient forum for the witnesses (doc. 7). Schwarz Pharma's key witness, Steven Pollock (hereinafter "Pollock"), who was the decision maker with respect to Howard's termination, main office is located in Wisconsin (Id.). However, Pollock regularly travels to Seymour via plane chartered by Schwarz Pharma (Id.). Schwarz Pharma maintains that Pollock's access to Ohio is not nearly as convenient as his access to Seymour (Id.). During the course of litigation, Schwarz Pharma notes that Pollock could more cheaply and conveniently travel to Indiana on the charter flight, without any additional expense to Schwarz Pharma (Id.). Schwarz Pharma has also identified eleven other employees who may testify, all of whom are either employed at the Seymour facility or in Wisconsin (Id.). Schwarz Pharma asserts that Howard will have as witnesses himself, his doctor, and other Schwarz Pharma employees, all of whom will work at the Seymour facility, and; therefore, the Southern District of Indiana is the more convenient forum for the majority of witnesses who may testify in this matter (Id.).

Further weighing in its favor, argues Schwarz Pharma, as already noted is the assertion by Schwarz Pharma that the operative facts in this matter occurred in the Southern District of Indiana and; as a result, the Southern District of Indiana is the appropriate venue (Id. citing Breland v. ATC Vancom, Inc., 212 F.R.D. 475 (E.D. Pa. 2002) (holding that venue in

employment discrimination action was proper in Georgia where the alleged discrimination occurred and where plaintiff worked); <u>Graf v. Tastemaker</u>, 907 F.Supp. 1473 (D. Colo. 1995) (finding venue for breach of employment contract and wrongful discharge action was proper in the state where the defendant employer had employed the plaintiff, plaintiff had performed all services under the contract, and in which actions allegedly constituting the breach and wrongful discharge were transmitted to plaintiff)). Additionally, argues Schwarz Pharma, the documentary evidence in this matter is located in the Southern District of Indiana (<u>Id</u>.). Specifically, the personnel records related to Howard's employment are kept in Seymour, the personnel records of other Schwarz Pharma employees are housed at the Seymour facility, all documents within Howard's area of responsibility such as validation master plans and standard operating procedures are located in Seymour, and any documents related to Howard's illnesses or leaves of absence are in Seymour (<u>Id</u>.). Additionally, Schwarz Pharma notes that all documents related to its manufacture of pharmaceutical products, including those related to Howard's allegations concerning Succimer Beads, are located in Seymour (<u>Id</u>.). Schwarz Pharma cites <u>Breland v. ATC Vancom, Inc.</u>, 212 F.R.D. 475 (E.D. Pa. 2002) in which the court found venue appropriate in an employment discrimination case in Georgia where all pertinent employment records were maintained (<u>Id</u>. <u>citing</u> <u>Breland</u>). This factor, concludes Schwarz Pharma, weighs in

-10-

favor of changing venue (Id.).

Schwarz Pharma also argues that the Southern District of Indiana is equally capable of applying the governing law as is the Southern District of Ohio (Id.). Although Howard does allege two claims under Ohio law - disability discrimination and wrongful discharge - Schwarz Pharma maintains that the District Court in Indiana can handle these claims as well as the District Court in Ohio (Id.). Lastly, Schwarz Pharma maintains that the relative docket congestion of both districts is likely equal and the efficiency of either court in handling the litigation equal as well (Id.).

For all of the foregoing reasons, Schwarz Pharma urges this Court to grant its Motion to Change Venue (doc. 7). Howard responds to Schwarz Pharma's Motion objection to a change of venue (doc. 8). The Court will now address Howard's objections.

Howard disputes Schwarz Pharma's assertion that his employment "was located in Seymour, Indiana" (Id.). Howard maintains that he worked almost exclusively out of his home in Sardinia, Ohio (Id.). His office was located in his home and all office equipment such as computer, printer, fax machine, phone line, etc. was set-up in his home by Schwarz Pharma (Id.). Howard admits that he occasionally traveled to the Seymour, Indiana facility, but primarily worked from his home (Id.).

Howard notes that if the case were transferred to

-11-

the Southern District of Indiana, it would be tried in the city of New Albany, Indiana (Id.).  New Albany is 56 miles from Schwarz Pharma's business location in Seymour and Cincinnati is 89 miles from Seymour (Id.).  Howard argues that this difference in distance is not an inconvenience to Schwarz Pharma (Id.).  Furthermore, Howard highlights that Schwarz Pharma noted in its Motion that its primary witnesses are located in Wisconsin not Indiana or Ohio (Id.).  Howard avers that, as to these witnesses, a trial in Ohio or Indiana is equally convenient (Id.).

Howard relies primarily on the fact that his office was located in Ohio and that he performed nearly all of his work in his home office (Id.).  Howard notes that two of his claims arise under Ohio law (Id.).  Howard urges the Court to view the Southern District of Indiana as no more convenient a forum than Ohio and to respect his choice of venue (Id.).

The Court views this matter as the classic case where a plaintiff's choice of forum should prevail.  The Court views the convenience or inconvenience of the Southern District of Ohio or the Southern District of Indiana to each Party and the potential witnesses equal as to most respects.  As Howard aptly notes, Schwarz Pharma's admitted primary witnesses live in Wisconsin not the Southern District of Indiana.  The cost and inconvenience to transport these primary witnesses from the Charter flight landing in Seymour to Cincinnati is slight compared to the

-12-

cost and inconvenience incurred in transporting these witnesses from Seymour to New Albany.  What the Court finds most important in this matter is Howard's choice of forum, the fact that Howard lives in the Southern District of Ohio, and that the primary situs of Howard's employment, as alleged in his Complaint, was his home office in Ohio.  The Court finds that Schwarz Pharma has not met its burden establishing the need to transfer venue to the Southern District of Indiana.  Accordingly, Schwarz Pharma's Motion for Change of Venue (doc. 7) is DENIED.


        SO ORDERED.


Dated: June 30, 2005            s/S. Arthur Spiegel_____
                                S. Arthur Spiegel
                                United States Senior District Judge